**Sandra L. Lascari Esq. (SLL-2559)**
**Law Offices of G. Emerson Dickman, III**
25 E. Spring Valley Avenue
Maywood, NJ 07607
(201) 909-0404
**Attorneys for Plaintiff, J.S. & J.S. o/b/o R.S.**

_____

| | | |
|---|---|---|
| Plaintiff, | : | United States District Court |
| J.S. & J.S. o/b/o R.S. | : | For the District of New Jersey |
| | : | Newark Vicinage |
| | : | |
| vs. | : | Civil Action Number: |
| | : | |
| Defendant, | : | |
| South Orange/Maplewood | : | **Complaint** |
| Board of Education | : | |

_____

Plaintiff/Plaintiff, J.S. & J.S. o/b/o R.S. (hereinafter "Plaintiff"), by way of Complaint against Defendant/Defendant, South Orange/Maplewood Board of Education (hereinafter "Defendant") says:

## JURISDICTION

1. Plaintiff brings this action seeking relief pursuant to 20 U.S.C 1415, et seq. and 34 C.F.R §300.512 et seq. as a party aggrieved by the findings and decision dated June 15, 2006 of the State of New Jersey Office of Administrative Law, in the matter of J.S. & J.S. o/b/o R.S., Plaintiff v South Orange/Maplewood Board of Education, Defendant, OAL Docket No.: EDS 07417-2005N, Agency Docket No.: 2005-10236 (Administrative Law Action).

## VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

1

## THE PARTIES

3. Plaintiffs are the parents of R.S. and R.S (Rebecca). Rebecca has been enrolled in the South Orange Maplewood School District her entire life beginning with kindergarten. Diagnosed with Attention Deficit Disorder, Major Depressive Disorder, Impulse Control Disorder, Oppositional Defiant Disorder, Polysubstance abuse, Academic difficulties, and Anxiety Disorder, Rebecca has a long history of social emotional and academic difficulty. A self-mutilator, she engaged in cutting her arms and legs with sharp objects to release tension and anxiety. Because of her long history of self destructive behaviors and difficulty coping with the demands of high school, Rebecca was unilaterally placed at the Monarch School, a therapeutic residential school, from February 2004 until August 2005. Thereafter she unilaterally placed at St. Johnsbury Academy from September of 2005 until May of 2006 due to special education needs.

4. Defendant, South Orange/Maplewood Board of Education (Maplewood) is responsible for the conduct, supervision, and management of the public school system established to provide public school education to children residing in the towns of South Orange and Maplewood, New Jersey.

## STATUTORY AND REGULATORY SCHEME

5. The Individuals with Disabilities Act (IDEA), 20 U.S.C. §1400-1487 provides federal funding to assist the states in the education of disabled children.

6. Section 504 of the Rehabilitation Act of 1973 20 U.S.C. §§ 705, 794, 794b provides that no otherwise qualified individual with a disability . . .shall solely by reason

2

of his/her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal funding.

7. New Jersey has enacted legislation as set forth in N.J.S.A. 18A:46-1, et seq. and regulations as set forth in N.J.A.C. 6A:14-1.1, et seq., encompassing the goals of the IDEA and Section 504, 29 U.S.C. § 794(a), as enforced through 42 U.S.C. § 1983.

**FACTS COMMON TO ALL COUNTS**

8. On January 5, 2005, R.S.'s ("Rebecca's") family filed for due process pursuant to *20 U.S.C*. § 1415(f); N.J.A.C. 6A: 14-2.7 claiming that Maplewood/ South Orange School District failed to recognize or properly address Rebecca's learning disabilities pursuant to "Child Find Provisions of 20 U.S.C. § 1412 (a)(3); 34 C.F.R §300.125 (2000); and hence failed to provide a free and appropriate public education (FAPE) in accordance with 20 U.S.C §1412 (a)(1)(A) and N.J.A.C 6A: 14-1.1(b)(1)

9. Plaintiff sought reimbursement of all costs associated with their unilateral enrollment in out-of-district therapeutic residential placements, for the school years from February 2004 forward.

10. On March 23, 2005 this matter was withdrawn from Due Process after an unsuccessful mediation, and was reinstated in June 22, 2005. The matter was then transmitted to the Office of Administrative Law ("OAL") for hearing as a contested case pursuant to N.J.S.A 52:14B-1-15 and N.J.S.A 52:14F-1-1.

11. Hearing was scheduled for August 30, 2005, before the Honorable Daniel McKeown, A.L.J.

3

**A.     The Settlement**

12.   On August 30, 2005, the parties entered into a settlement agreement that was placed on the record resolving all outstanding issues in the case.

13.   The terms of the proposed settlement included that the District would find Rebecca eligible for Special Services for the 2005-2006 year going forward. The District would pay a total sum to the family in the amount of $85,000.00 representing the tuition paid to the Monarch School from February 2004 forward all of 2004-2005 school year. $3,000.00 of the payment would be paid by the New Jersey State School Board Insurance Group representing the Tort Claims Act settlement. In addition the District would pay tuition, room board and counseling for St. Johnsbury Academy for 2005-2006 and 2006-2007 school years on behalf of Rebecca.

14.   In return, the plaintiffs were to release all claims against the District, and Rebecca would release the District from any claims she may have against it.

15.   In attempting to circumvent the agreed upon settlement, the Defendant, inter alia, requested additional terms that were not part of the agreement placed on the record.

16.   In response Plaintiffs filled a motion to enforce the settlement.

**B.     Cross Motion's for Summary Decisions**

17.   Defendant filled summary judgment application pursuant to 20 U.S.C. § 1412 (a) (10) (C) (ii) and N.J.A.C 6A:14-2.10(b) seeking a summary decision for dismissal of the claim for reimbursement for 2003-2004, 2004-2005, and 2005-2006.

18.   Plaintiffs simultaneously filed a cross motion for summary judgment pursuant to Child Find Provisions of 20 U.S.C. § 1412 (a)(3); 34 C.F.R §300.125 (2000); claiming

4

that the district failed to provide a free and appropriate public education (FAPE) in accordance with 20 U.S.C §1412 (a)(1)(A) and N.J.A.C 6A: 14-1.1(b)(1). Specifically, Plaintiffs sought a summary decision regarding their reimbursement for the 2003-04, 2004-05, and 2005-2006, academic years.

**C.     Judge Daniel McKeown's Decision**

19.     On June 10, 2006, the Hon. Daniel McKeown, A.L.J. issued a written decision in the Administrative Law Action.

20.     Judge McKeown concluded that the matter was permitted to proceed to summary decision under authority of N.J.A.C. 1:1-12.5, and concluded the following:

i.      As to Plaintiffs' motion to enforce the settlement, Judge McKeown denied the motion and stated that pure contract law is beyond the jurisdiction of the Commissioner.

ii.     As to Plaintiffs' motion for summary decision regarding their claim for reimbursement for the 2003-04 and 2004-05 academic years, Judge McKeown denied Plaintiffs' motion and granted Defendant's motion for summary decision seeking dismissal of the claim for reimbursement for the 2003-2004 and the 2004-2005 academic years.

iii.    As to Plaintiffs' motion for summary decision regarding their claim for reimbursement for the 2005-2006 academic year, Judge McKeown, granted Plaintiffs' motion and denied Defendant's motion for summary decision seeking dismissal of the claim for reimbursement for the 2005-2006 academic school year.

5

21. Judge McKeown then directed Defendant's child study team to meet with Plaintiffs, to develop and implement an IEP for 2006-2007 school year.

22. The decision in the Administrative Law Action was final pursuant to 20 U.S.C. 1415, et seq. and 34 C.F.R. §300.510(2002) and thereby appealable by the filing of a complaint and bringing a civil action in the Law Division of the Superior Court of New Jersey or in a District Court of the United States. U.S.C. 14159(i)(2) and 34 C.F.R. §300.512(2002).

## **COUNT I**

The Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs one (1) through twenty-two (22) as if set forth herein at length.

23. The Hon., Daniel McKeown A.L.J. erred in part of his decision of June 15, 2006 in the Administrative Law Action including, but not limited to the following:

> i. Concluding that the Settlement on the Record was not enforceable;
>
> ii Concluding that the Commissioner did not have jurisdiction;
>
> iii. Concluding that Plaintiffs were not entitled to reimbursement of the costs related to Rebecca's unilateral placements for the 2003-2004 academic school year;
>
> iv. Concluding that Plaintiffs were not entitled to reimbursement of the costs related to Rebecca's unilateral placements for the 2004-2005 academic school year;
>
> v. Concluding that Defendant was entitled to dismissal of the claim for reimbursement of the costs related to Rebecca's

6

    unilateral placements for the 2003-2004 academic school year;

 vi. Concluding that Defendant was entitled to dismissal of the costs related to Rebecca's unilateral placements for the 2004-2005 academic school year; and

 vii. Improperly weighing the evidence and making credibility determinations.

## **COUNT II**

The Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs one (1) through twenty-three (23) as if set forth herein at length.

24. The Hon., Daniel McKeown A.L.J. erred in making a factual and credibility determination that the Defendant had no notice as of the 2004-2005, school year that Rebecca was in need of special education and granting Defendant's motion to dismiss the claim for reimbursement for costs associated with the 2004-2005, academic year.

25. Based on an evaluation conducted by Dr. Schwartz and received by Defendant in or about June of 2005, Defendant determined that Rebecca was in need of special education based on characteristics leading to the classification of emotional disturbance. Specifically, Dr. Schwartz's report stated that Rebecca "continues to manifest a chronic although improved depressive reaction."

26. According to the Finding of Facts made by Judge McKeown:

> The team reports in its finding of eligibility on May 5, 2006, that Psychiatric evaluation of which the team had possession since June 21, 2005 indicates that [R.] has "chronic although improved depressive reaction." Therefore, student can be considered eligible for special education.

7

27. On May 5, 2006, the team classified Rebecca's learning disability as Emotionally Disturbed.

28. However, Defendant's had in its possession since **May 14, 2004**, a neuropsychological evaluation by Robert H. Burr which was even more explicit than the statement by Dr. Schwartz "chronic although improved depressive reaction," which lead to Rebecca being classified as emotionally disturbed. Yet, Defendant failed to satisfy its obligations under the child find law and find Rebecca eligible for special education as of May of 2004 and waited until two years later to classify her as emotionally disturbed.

29. For instance, Dr. Burr's report stated that:

(i) Rebecca had a history of depression and anxiety;

(ii) Rebecca had a history of oppositional defiant disorder;

(iii) Rebecca was being treated for interpersonal problems since age ten and R.S.'s psychiatric history is remarkable for indications of depression since age ten;

(iv) Major Depressive Disorder and Generalized Anxiety Disorder were diagnosed in October of 2002;

(v) Oppositional Defiant Disorder was diagnosed in September of 2003;

(vi) Rebecca was hospitalized for self mutilation in September of 2003;

(vii) Rebecca demonstrated mild difficulties in both verbal and visual information;

8

(viii) Rebecca had a history of significant mood instability, impulsivity, impaired judgment, and cognitive difficulties which reflect a neuropsychiatric illness;

(ix) Base on the fluctuating nature of Rebecca's psychological status, a diagnosis of bipolar disorder should be investigated; and

(x) A mental professional should follow up recent reports of hallucinations as they may represent advancement of neuropsychiatric illness.

30. Despite these unmistakable red flags, the team never had any additional eligibility meetings and failed to modify its May 5, 2004 determination that Rebecca was not eligible for special education and related services until May 5, 2006.

31. Judge McKeown therefore erred as a matter of law in finding that Defendant was entitled to summary dismissal of the claims for reimbursement of the 2004-2005, academic year and not granting Plaintiffs' motion for summary decision that they were entitled to reimbursement for the 2004-2005, academic year.

## **COUNT III**

The Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs one (1) through thirty-one (31) as if set forth herein at length.

32. Section 504 of the Rehabilitation Act of 1973, as amended, protects persons with disabling conditions from discrimination or denial of services by programs receiving federal funds. 29 U.S.C. § 794(a).

33. Defendant Board receives federal funds for its educational programs.

34. R.S. (Rebecca) is a student with a disability as defined in 29 U.S.C. § 706(8) for purposes of Section 504 and Defendant Board knew, or reasonably should have known, of Rebecca's disability.

35. Rebecca is otherwise qualified for the educational programs provided by Defendant Board. She was excluded from participation in, denied the benefits of, and subjected to discrimination at Defendant Board's schools.

36. Under Section 504 Defendant Board was obligated to, but failed to, provide Rebecca with FAPE (34 C.F.R. 104.33); and with an evaluation (34 C.F.R. 104.35).

37. Defendant Board's conduct constitutes a violation of Rebecca's rights under 29 U.S.C. § 794(a).

38. Rebecca suffered damages including physical injury, emotional distress and mental anguish as a result of violations of her rights under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

39. J.S. and J.S., Rebecca's parents suffered economic damages as a result of Defendant's conduct, in violating Rebecca's' rights under Section 504.

## **COUNT IV**

The Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs 1 through thirty-nine 39 as if fully set forth herein.

40. Defendant Board, acting under color of state law, deprived plaintiffs of rights secured to them under Section 504, 29 U.S.C. § 794(a), as enforced through 42 U.S.C. § 1983.

41. Rebecca suffered damages including physical injury, emotional distress and mental anguish as a result of violations of her rights under Section 504, as enforced through 42 U.S.C. § 1983.

42. J.S. and J.S., Rebecca's parents suffered economic damages as a result of Defendant's conduct, in violating Rebecca.' rights under Section 504 as enforced through 42 U.S.C. § 1983.

## COUNT V

The Plaintiffs repeat and incorporate herein the allegations set forth in paragraphs 1 through forty-two 42 as if fully set forth herein.

43. IDEA requires that all children with disabilities, residing in the state, and who are in need of special education and related services, must be identified, located, and evaluated regardless of the severity of their disability. 20 U.S.C. § 1412 (3).

44. IDEA requires that each child with a disability receive a free and appropriate public education that includes special education designed to meet the unique needs of the child with a disability. 20 U.S.C. § 1412 (a)(1)(A), 20 U.S.C. § 1401(29).

45. Defendant Board failed to identify, locate and evaluate R.S. or to provide her with a free and appropriate public education, including special education designed to meet her unique needs.

46. Defendant Board, acting under color of state law, deprived Plaintiff, R.S. of rights secured to her under IDEA, as enforced through 42 U.S.C. § 1983. R.S. suffered damages including physical injury, emotional distress and mental anguish as a result of Defendant having violated her rights under the IDEA, enforced through 42 U.S.C. § 1983.

47. J.S. and J.S. , Rebecca's parents suffered economic damage as a result of Defendant's violations of the rights of Rebecca under IDEA, as enforced through 42 U.S.C. § 1983.

**WHEREFORE**, J.S and J.S o/b/o R.S. and R.S. seek judgment in its favor as follows:

    A.    Reversing the findings in part and vacating the decision in part dated June 15, 2006 of the State of New Jersey Office of Administrative Law, in the matter of <u>J.S. & J.S. o/b/o R.S., petitioner v. Maplewood Board of Education, Defendant,</u> OAL Docket No.: EDS 7417-05 ; Agency Docket No.: 2005-10236.

    B.    Enforcing the Settlement placed on the record of August 30, 2006; or in the alternative;

    C.    Ordering Defendant to reimburse Plaintiff for tuition and all costs associated for the 2003-2004 through the 2004-2005 school years, including lost monetary benefit opportunity costs; or in the alternative

    D.    Denying Defendant's motion for summary decision as to the dismissal of the claim for reimbursement of tuition and all costs associated for the 2003-2004 through 2004-2005 school years.

    E.    Ordering Defendant to pay Compensatory and Punitive damages, general and special

    F.    Ordering Defendant to pay the Plaintiff's reasonable attorneys' fees, costs, plus the fees and costs incurred in litigating this action, in accordance with the motion and affidavits that will be submitted

     by Plaintiff and his counsel, pursuant to 20 <u>U.S.C.</u> 1415 and 42 <u>U.S.C.</u> sec 1988; and

G. Granting such other relief this Court deems just and proper.

           Law Offices of G. Emerson Dickman
           Attorney for Plaintiffs

           *Sandra L. Lascari*

           Sandra L. Lascari

Dated: July 28, 2006